ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST ASKING FOR AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, ASKING, IN EFFECT:
 IS AN ORGANIZATION OF PERSONS, PART OF WHOM ARE PUBLIC OFFICIALS AND PART OF WHOM ARE NOT, A PUBLIC BODY, AS THAT TERM IS USED IN THE OPEN MEETING ACT, 25 O.S. 301, ET., WHERE SUCH ORGANIZATION DOES NOT HAVE ANY STATUTORY AUTHORITY, IS NOT SUPPORTED IN ANY FASHION WHATSOEVER BY PUBLIC FUNDS, DOES NOT ADMINISTER ANY PUBLIC PROPERTY OR FUNDS, AND IS NOT A COMMITTEE OR SUBCOMMITTEE OF ANY PUBLIC BODY?
 UNDER THE TERMS OF THE OPEN MEETING ACT, 25 O.S. 301, ET., THE MEETINGS OF ALL "PUBLIC BODIES N IN THE STATE, AS THAT TERM IS DEFINED IN THE ACT, ARE SUBJECT TO ITS REQUIREMENTS THAT THE MEETINGS OF SUCH ORGANIZATIONS BE CONDUCTED IN THE FASHION SET FORTH THEREIN. "PUBLIC BODY," IN TURN, IS DEFINED THUSLY, IN PERTINENT PART:
 "1. "PUBLIC BODY" MEANS THE GOVERNING BODIES OF ALL MUNICIPALITIES LOCATED WITHIN THE STATE OF OKLAHOMA, BOARDS OF COUNTY COMMISSIONERS OF THE COUNTIES IN THE STATE OF OKLAHOMA, BOARDS OF PUBLIC AND HIGHER EDUCATION IN THE STATE OF OKLAHOMA AND ALL BOARDS, BUREAUS, COMMISSIONS, AGENCIES, TRUSTEESHIPS, AUTHORITIES, COUNCILS, COMMITTEES, PUBLIC TRUSTS, TASK FORCES OR STUDY GROUPS IN THE STATE OF OKLAHOMA SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDING OF PUBLIC FUNDS, OR ADMINISTERING PUBLIC PROPERTY, AND SHALL INCLUDE ALL COMMITTEES OR SUBCOMMITTEES OF ANY PUBLIC BODY." 25 O.S. 304(1) (1987).
THE ONLY NEXUS TO PUBLIC GOVERNMENT IN THE SCENARIO YOU PRESENT IS THAT OF SOME OF THE MEMBERS OF SUCH AN ORGANIZATION BEING PUBLIC OFFICERS.
THE ACT PLAINLY SETS FORTH THAT CERTAIN NAMED TYPES OF PUBLIC ENTITIES ARE SUBJECT TO ITS PROVISIONS, AND THEN ADDITIONALLY PROVIDES THAT ENTITIES NOT SPECIFICALLY MENTIONED BY NAME ARE ALSO UNDER ITS CONTROL WHERE THEY FUNCTIONALLY OPERATE IN CERTAIN FASHIONS, SUCH AS IN THE ADMINISTRATION OR OVERSIGHT OF PUBLIC PROPERTY OR PUBLIC FUNDS, OR ARE SUPPORTED PARTIALLY OR WHOLLY BY PUBLIC MONIES. THIS FUNCTIONAL APPROACH TO COVERAGE UNDER THE ACT FOR SUCH ORGANIZATIONS HAS BEEN UTILIZED BY THE ATTORNEY GENERAL ON NUMEROUS OCCASIONS. SEE A.G. OPINION NOS. 81-311, 81-184, 81-139 AND 80-078.
UNLESS THE ORGANIZATION IS ONE OF THOSE ENTITIES SPECIFICALLY MENTIONED IN THE ACT AS BEING COVERED BY ITS LANGUAGE, IT IS NOT THE COMPOSITION OF THE MEMBERSHIP OF THE ORGANIZATION THAT TRIGGERS THE ACT'S TERMS. RATHER, IT IS THE TYPE OF AUTHORITY THAT THE ORGANIZATION MAY HAVE THAT WOULD TRIGGER COVERAGE THEREUNDER. SUCH AN ENTITY WOULD BE SUBJECT TO THE ACT'S TERMS, EVEN THOUGH NOT INVESTED WITH ANY STATUTORY AUTHORITY OR FORMALLY AFFILIATED WITH A "PUBLIC BODY" AS A COMMITTEE OR SUBCOMMITTEE THEREOF, IF THE ORGANIZATION EXERCISES SOME ACTUAL AUTHORITY ON BEHALF OF THE PUBLIC BODY, OR ADMINISTERS PUBLIC PROPERTY OR FUNDS THROUGH SOME CONTRACTUAL OR DE FACTO RELATIONSHIP WITH A PUBLIC BODY. ANY DETERMINATION AS TO THE APPLICABILITY OF THE ACT AS TO ANY GIVEN ORGANIZATION IS ULTIMATELY A QUESTION OF FACT, DEPENDENT UPON THE REAL CIRCUMSTANCES PRESENT.
OF COURSE, ONE FACTUAL ELEMENT THAT COULD ALTER DRASTICALLY THESE GENERAL OBSERVATIONS WOULD BE THE CASE WHERE A MAJORITY OF THE MEMBERS OF A PUBLIC BODY SUBJECT TO THE ACT APPEAR PERSONALLY TOGETHER AT SOME FORUM PUT ON BY SOME THIRD PARTY, AND PROCEED TO DISCUSS PUBLIC BUSINESS UNDER THEIR JURISDICTION IN THE COURSE OF THAT OTHER MEETING OR GATHERING. THE ATTORNEY GENERAL HAS REPEATEDLY ADVISED THAT EVEN SOCIAL GATHERINGS CAN TRIGGER THE ACT'S TERMS, AND A PUBLIC DISCUSSION OF THE AFFAIRS OF THE PUBLIC ENTITY, EVEN IF UNDER THE SPONSORSHIP OF A THIRD PARTY GROUP OF A PRIVATE NATURE, COULD TRIGGER THE ACT INTO PLAY.
I HOPE THAT THIS INFORMATION IS OF SOME ASSISTANCE TO YOU. PLEASE REALIZE THAT THE FACTUAL DEPENDENCY OF THIS RESPONSE HAS COMPELLED THIS OFFICE TO RESPOND IN THIS INFORMAL LETTER FORMAT, AND THE ADVICE TENDERED HEREIN IS NOT A FORMAL, BINDING OPINION OF THE ATTORNEY GENERAL, BUT SHOULD BE CONSIDERED ADVICE TENDERED BY THE AUTHOR SOLELY.
(MICHAEL SCOTT FERN)